UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

------------------------------------------------------------ X

LAUREN WALKER, *individually, and on behalf of herself and those similarly situated*,

                             Plaintiff,

             - against -

KETTLE AND FIRE INC.,

                        Defendant.

------------------------------------------------------------ X

:
:
:
:
:
:
:
:
:
:
:
:
:
:

**MEMORANDUM DECISION AND ORDER**

25-cv-6568 (BMC)

**COGAN**, District Judge.

       This is one of several putative class actions challenging as misleading defendant's representation of the protein content of its food products.  Defendant has moved to dismiss the complaint or transfer this case to the Middle District of Florida.  Plaintiff opposes and argues that the case should be kept here.  For the reasons below, defendant's motion to transfer is granted, and its motion to dismiss is denied without prejudice to renewal in the transferee court.

## BACKGROUND

       On October 22, 2025, Keirsted v. Kettle and Fire Inc., No. 25-cv-2037 (M.D. Fla. Oct. 22, 2025), was filed, alleging a "Nationwide Class" and a "Florida Sub-Class" along with violations of the Florida Deceptive and Unfair Trade Practices Act ("FDUPTA"), Fla. Stat. 501.201 *et seq.* ("Keirsted I").  On November 25, 2025, our plaintiff filed this case, Walker v. Kettle and Fire Inc., No. 25-cv-6568 (E.D.N.Y. Nov. 25, 2025), alleging a "Nationwide Class" and a "New York Class" along with violations of the New York General Business Law ("NYGBL"), N.Y. Gen. Bus. L. §§ 349, 350 *et seq.* ("Walker I").

On December 16, 2025, our plaintiff filed an amended complaint, in which the "Nationwide Class" was removed, so that only the "New York Class" remained ("Walker II"). On January 8, 2026, the Keirsted plaintiff filed an amended complaint, in which the "Nationwide Class" was restyled as a "Multi-State Consumer Protection Class" that included New York and referred to NYGBL ("Keirsted II").

The parties do not seriously dispute that Keirsted and Walker concern substantially the same subject matter. Both cases allege a misleading representation "of protein and the percent daily value (%DV) of protein" on the label of defendant's products. The problem stems from the method of calculating the protein content. There are two methods: "the 'nitrogen method,' which indicates the *total* protein in the product, and the 'PDCAAS method' (Protein Digestibility Corrected Amino Acid Score), which represents the amount of *digestible* protein in the product." See Dunn v. Ancient Brands, LLC, No. 21-cv-0390, 2023 WL 6037853, at *6 (N.D.N.Y. Sept. 15, 2023) (citing 21 C.F.R. § 101.9(c)(7)).

The potential for consumer confusion is somewhat intuitive. A product labeled with a certain protein content, calculated by the nitrogen method, might lead consumers to think that they will digest that amount of protein when, according to the PDCAAS method, the protein is indigestible. Nonetheless, the Food, Drug, and Cosmetic Act ("FDCA") permits calculation using both methods. See 21 C.F.R. § 101.9(c)(7).[1]

---

[1] See also FDA, Industry Resources on the Changes to the Nutrition Facts Label, (Dec. 7, 2023) ("By design, [Section] 101.9(c)(7) specifically provides for two different methods for determining protein values."), available at https://www.fda.gov/food/nutrition-food-labeling-and-critical-foods/industry-resources-changes-nutrition-facts-label. That a federal law permits both is not dispositive. The case is brought under state law because "[t]he FDCA does not authorize private causes of action." See Bowling v. Johnson & Johnson, 65 F. Supp. 3d 371, 376-77 (S.D.N.Y. 2014). That, however, presents a question of federal preemption. See Dunn, 2023 WL 6037853, at *7 ("[T]he Second Circuit has held that there can be no private state law cause of action if a plaintiff's 'true goal is to privately enforce alleged violations of the FDCA.'" (quoting PDK Labs, Inc. v. Friedlander, 103 F.3d 1105, 1113 (2d Cir. 1997))). At this juncture, however, the Court need not reach the issue.

**DISCUSSION**

Defendant invokes two overlapping grounds for transferring this case: the "first-filed rule" and 28 U.S.C. § 1404(a). "Although § 1404(a) and the first-filed rule may require courts to conduct similar convenience and interests-of-justice analyses, each constitutes an independent ground for granting a transfer." Int'l Controls & Measurements Corp. v. Honeywell Int'l, Inc., No. 12-cv-1766, 2013 WL 4805801, at *13 (N.D.N.Y. Sept. 9, 2013) (citing Emplrs. Ins. of Wausau v. Fox Entm't Grp., Inc., 522 F.3d 271, 275 (2d Cir. 2008)). Because the first-filed rule is dispositive, the Court does not reach 28 U.S.C. § 1404(a).

Courts in this circuit regularly apply the first-filed rule to putative class actions where the relief sought is transferring the second-filed case to the forum of the first-filed case. See e.g., Militello v. Ford Motor Co., No. 22-cv-6425, 2023 WL 3834466, at *3 (W.D.N.Y. June 6, 2023); Michel v. Petco Animal Supplies Stores, Inc., 404 F. Supp. 3d 685, 689 (E.D.N.Y. 2017).

"As a general rule, 'where there are two competing lawsuits, the first suit should have priority.'" Fox Entm't, 522 F.3d at 275 (quoting First City Nat'l Bank & Trust Co. v. Simmons, 878 F.2d 76, 79 (2d Cir. 1989)) (alterations adopted). There are two exceptions: "(1) where the 'balance of convenience' favors the second-filed action . . . and (2) where 'special circumstances' warrant giving priority to the second suit[.]" Id. As discussed below, Keirsted and Walker are competing lawsuits; Keirsted was the first-filed action; and neither exception warrants departing from the first-filed rule.

## I.    **Keirsted and Walker are Competing Lawsuits**

Again, no one seriously disputes that Keirsted and Walker are "essentially the same lawsuit." See Fox Entm't, 522 F.3d at 274. Plaintiff's best attempt at distinguishing the two is that, in the "cause of action" section of the Keirsted complaint, only Florida law – FDUPTA – is explicitly invoked, which cannot cover a nationwide class. See Hutson v. Rexall Sundown, Inc.,

3

837 So.2d 1090, 1094 (Fla. Ct. App. 2003) (Declining to certify nationwide class for cause of action under FDUPTA "because the claims of non-resident consumers would require the application of consumer protection laws from each of the states where the deceptive trade practice occurred").

True enough, but the Court sees things differently. Although Keirsted II alleges a "Florida Sub-Class" covered by FDUPTA, it also alleges a "Multi-State Consumer Protection Class" that includes, albeit in a footnote, a litany of other states and their corresponding consumer protection laws, including New York and NYGBL.[2] So, if the Keirsted class is certified, the road is already paved to include New Yorkers, such as our plaintiff.

Plaintiff's next attempt is to essentially argue that the plaintiff in Keirsted has no standing to assert the non-Florida claims. See Valiente v. Unilever U.S., Inc., No. 22-cv-21507, 2022 WL 18587887, at *8 (S.D. Fla. Dec. 8, 2022) (Dismissing a "consumer fraud multi-state class" because the "[p]laintiff lacks Article III standing to assert claims under non-Florida consumer protection statutes."); In re Checking Account Overdraft Litig., 694 F. Supp. 2d 1302, 1324-25 (S.D. Fla. 2010) (same).

The Court has no way of knowing whether the plaintiff in Keirsted does or does not have standing to assert claims arising under New York law. Even if she does not, however, the plaintiff in Keirsted can still "seek[] leave to amend . . . to add a named representative from each state." See In re HSBC Bank, USA, N.A., 1 F. Supp. 3d 34, 50 (E.D.N.Y. 2014) (quoting Smith

---

[2] Keirsted II included the following states' consumer protection laws: "Alaska (AS §§ 45.50.471, et seq.), Arkansas (Ark. Code §§ 4- 88-101, et seq.), California (Cal. Bus. & Prof. Code §§ 17200, et seq.), Connecticut (Conn. Gen. Stat. §§ 42-110, et seq.), Delaware (Del. Code tit. 6, §§ 2511, et seq.), District of Columbia (D.C. Code §§ 28-3901, et seq.), Florida (Fla. Stat. §§ 501.201, et seq.), Hawaii (Haw. Rev. Stat. §§ 480-1, et seq.), Illinois (815 ICLS §§ 501/1, et seq.), Massachusetts (Mass. Gen. Laws Ch. 93A, et seq.), Michigan (Mich. Comp. Law §§ 445.901, et seq.), Minnesota (Minn. Stat. §§ 325F.67, et seq.), Missouri (Mo. Rev. Stat. §§ 407.010, et seq.), New Jersey (N.J. Stat. §§ 56:8-1, et seq.), New York (N.Y. Gen. Bus. Law. §§ 349, et seq. and §§ 350, et seq.), Rhode Island (R.I. Gen. Laws §§ 6-13.1-1, et seq.), Vermont (Vt. Stat. tit. 9, §§ 2451, et seq.), Washington (Wash. Rev. Code §§ 19.86.010, et seq.), and Wisconsin (Wis. Stat. §§ 100.18, et seq.)."

4

v. Pizza Hut, Inc., No. 09-cv-1632, 2011 WL 2791331, at *9 (D. Colo. July 14, 2011)).  Some courts have declined to take this approach because it can be "difficult . . . to adjudicate claims under the laws of [other] states [when there are] discrepancies between the states' laws."  See id.

Here, however, claims relating to misleading product labels under FDUPTA and NYGBL are on all fours with each other.  See Stoltz v. Fage Dairy Processing Indus., S.A., No. 14-cv-3826, 2015 WL 5579872, at *13-15 (E.D.N.Y. Sept. 22, 2015) (Denying motion to dismiss FDUPTA and NYGBL claims challenging "the phrase 'Total 0%' [on yogurt containers as misleading] consumers to believe the Total 0% Products are healthy [even though they] typically contain about sixteen grams of sugar per container.").  In other words, if defendant is found to have violated FDUPTA in Keirsted, it's a safe bet that it will also be found to have violated NYGBL.  Accordingly, Keirsted and Walker are competing lawsuits.

**II.    Keirsted was the First Filed Action**

Keirsted I was obviously filed before Walker I, but Walker II was filed before Keirsted II.  Plaintiff contends that Keirsted I and Keirsted II are so different that they amount to different lawsuits, and thus "Walker II is the first filed action, not Keirsted II, unless the Court determines that Keirsted II 'relates back' to Keirsted I under [Fed. R. Civ. P.] 15(c)."  Plaintiff argues that Keirsted II should not relate back because it added "new class allegations" and is not "functionally equivalent" to Keirsted I.

The Court again sees things differently than plaintiff.  Functional equivalency is not the standard for an amended complaint to relate back, but even if it were, Keirsted I and Keirsted II are not so different.  Restyling a "National Class" that included "[a]ll individual residents of the United States who purchased [the product]" as a "Multi-State Consumer Protection Class" that includes "all persons who purchased [the product in] Florida or any state with similar laws," is not such a drastic change of course.

5

Although <u>Keirsted I</u> did not cite NYGBL, it alleged a nationwide class. Because FDUPTA cannot apply outside of Florida, some law had to ostensibly apply to the non-Floridian members of the nationwide class and, for the putative New Yorkers, it would have been NYGBL. "The fact that these issues were not all spelled out in [<u>Keirsted</u>] until [plaintiff] had amended [her] complaint [in <u>Walker</u>] is immaterial." <u>See</u> <u>Mattel, Inc. v. Louis Marx & Co.</u>, 353 F.2d 421, 424 (2d Cir. 1965); <u>see</u> <u>also</u> Fed. R. Civ. P. 15(c)(1)(B) (Permitting an amendment to relate back even if the original complaint only "attempted to [] set out" the claim posed by the amended complaint).

The Second Circuit "applies the first-filed rule in favor of a plaintiff who amends [her] complaint to include issues that [her] adversary has raised in a second-filed suit in another district." <u>GT Plus v. Ja-Ru, Inc.</u>, 41 F. Supp. 2d 421, 424 (S.D.N.Y. 1998) (citing <u>Mattel</u>, 353 F.2d at 424). Although the plaintiffs in <u>Keirsted</u> and <u>Walker</u> are not "adversaries" *per se*,[3] they are in a way competing against each other for the proper forum, and the principle is the same. Accordingly, <u>Keirsted</u> remains the first-filed action.

## III.    No Exceptions Apply

### A.    <u>The Balance of Convenience Favors Florida</u>

"[T]he 'factors relevant to the balance of convenience analysis are essentially the same as those considered in connection to motions to transfer venue pursuant to 28 U.S.C. § 1404(a).'" <u>Fox Entm't</u>, 522 F.3d at 275 (quoting <u>Everest Capital Ltd. v. Everest Funds Mgmt., L.L.C.</u>, 178 F. Supp. 2d 459, 465 (S.D.N.Y. 2002)). Those factors are:

> (1) the plaintiff's choice of forum, (2) the convenience of witnesses, (3) the location of relevant documents and relative ease of access to sources of proof, (4) the convenience of the parties, (5) the locus of operative facts, (6) the availability

---

[3] The plaintiff in <u>Keirsted</u> moved to intervene in this case, seeking to file a motion to transfer. If granted, the plaintiffs in <u>Keirsted</u> and <u>Walker</u> would have had an adversarial relationship. The Court denied intervention only because defendant made the same motion on the same grounds, and intervention would have been redundant.

of process to compel the attendance of unwilling witnesses, [and] (7) the relative means of the parties.

D.H. Blair & Co. v. Gottdiener, 462 F.3d 95, 106-07 (2d Cir. 2006) (quoting Albert Fadem Trust v. Duke Energy Corp., 214 F. Supp. 2d 341, 343 (S.D.N.Y. 2002)).

In Walsh v. Nelnet Servicing, LLC, No. 24-cv-4325, 2025 WL 2022631, at *4 (S.D.N.Y. July 18, 2025), the court analyzed the same issue in practically identical circumstances:

> Here, only the first factor – plaintiff's choice of forum – counsels against transfer. Thus, the balance of convenience weighs in favor of applying the first-to-file rule and transferring this case . . . This is a nationwide class action; there will be no discernable difference to putative class members or witnesses if this case is heard [in the other district] rather than in this Court . . . Nothing in [the] Amended Complaint suggests that the facts of this case turn on events that took place in this District . . . And, of course, the [other] action was filed before this case – and so "trial efficiency and the interest of justice" counsel in favor of this case being heard in the same district as that action . . . In sum, convenience does not call for this case to be heard in this Court[.]

Same here. "[T]he litigation will continue in Florida regardless of the decision here," see Joao v. Epic Sys. Corp., No. 25-cv-0857, 2025 WL 1518982, at *2 (S.D.N.Y. May 28, 2025), and allowing this case to proceed on parallel tracks would unjustifiably "depart from the first-filed rule." See Fox Entm't, 522 F.3d at 278.

B.     No Special Circumstances Apply

The "special circumstances" cutting against the first-filed rule "are quite rare." Id. at 275. The fact that this case concerns a nationwide class is not, in itself, enough. See In re HSBC Bank, USA, N.A., 99 F. Supp. 3d 288, 309 (E.D.N.Y. 2015) ("[T]he first-filed rule has been applied to class action suits filed by different plaintiff classes against the same defendant . . . For example, courts have applied the rule to parallel class actions filed against the same defendant and involving claims based, at least in substantial part, on the same law.") (quotations omitted).

The Second Circuit has described this exception as applying to "some manipulative or deceptive behavior," see Fox Entm't, 522 F.3d at 276, which generally refers to a form of

7

gamesmanship.  Examples include "where the first filed lawsuit is an improper anticipatory declaratory judgment action," see id. (citing Factors Etc., Inc. v. Pro Arts, Inc., 579 F.2d 215, 218 (2d Cir. 1978)), or "where forum shopping alone motivated the choice of [forum] for the first suit," see William Gluckin & Co. v. Int'l Playtex Corp., 407 F.2d 177, 178 (2d Cir. 1969).

Plaintiff alleges nothing of the sort.  Rather, plaintiff merely points back to the fact that Keirsted II was filed after Walker II (i.e., that the plaintiff in Keirsted amended her complaint only to include issues raised by plaintiff here).  But as discussed above, those circumstances alone do not warrant departing from the first-filed rule.  In other words, it is not "manipulative or deceptive" to amend a complaint to incorporate related issues or arguments that were better raised by another plaintiff in another case.

## CONCLUSION

Defendant's motion to dismiss is denied without prejudice and defendant's motion to transfer is granted.  The Clerk of Court is respectfully directed to transfer this case to the Middle District of Florida.

**SO ORDERED.**

Dated:   Brooklyn, New York
        March 2, 2026

*Brian M. Cogan*
_____
U.S.D.J.

8